211 So.2d 871 (1968)
Allen FORD
v.
Katherine W. LITTON et al.
No. 44899.
Supreme Court of Mississippi.
June 10, 1968.
Rehearing Denied July 8, 1968.
*872 Alexander, Feduccia & Alexander, Cleveland, for appellant.
John S. Throop, Jr., Water Valley, for appellees.
ROBERTSON, Justice.
On February 17, 1967, Katherine W. Litton, maternal grandmother, and Robert L. Litton, step-grandfather, filed a petition for adoption of Katherine Lee Ford, a minor three and one-half years old. The mother, Carol Ford Watson, joined in the petition and consented to the adoption. Allen Ford, the 21-year-old father of the child sought to be adopted, was made a defendant.
Chancellor William H. Anderson of the Eighteenth Chancery Court District heard the matter for Chancellor Kermit R. Cofer of the Second Judicial District of Yalobusha County, Mississippi, who recused himself. The trial judge approved the adoption and change of name of the child to Katherine Lee Litton.
The father, Allen Ford, filed an answer objecting to the adoption and also a cross-petition wherein he prayed for modification of the decree placing custody with the mother and prayed that custody be granted to him. On motion of the appellees, the cross-petition was dismissed because it was improperly brought in the adoption proceeding rather than in the divorce and custody proceeding.
The appellant and Carol Litton (now Carol Ford Watson) were married on December 20, 1962, when he was seventeen years old and in the eleventh grade at Benoit High School, and she was sixteen years old and in the tenth grade at Water Valley High School. They continued to go to school after their marriage, he in Benoit and she in Water Valley. During the summer of 1963, the appellant moved to Water Valley and lived with his wife in the home of her parents until the fall of 1963, when he returned to Benoit and entered the twelfth grade there.
Katherine Lee Ford, the child sought to be adopted, was born to these young parents on October 2, 1963, in Water Valley. A bill of complaint for divorce on the ground of habitual cruel and inhuman treatment was filed by Carol Litton Ford in the Chancery Court of the Second Judicial District of Yalobusha County, Mississippi, and a divorce was granted her on May 1, 1964.
The divorce decree placed custody of Katherine Lee Ford in her mother, Carol Litton Ford, and ordered appellant to pay five dollars per week toward the support of his child. He paid such sum from May 1, 1964, to the hearing of the adoption proceeding, a period of approximately three years. In addition thereto, he paid the attorney's fees of $125 adjudged in the divorce decree and all court costs.
At the time of the divorce, when the appellant was about eighteen years of age and not working and then later when he had a low-paying job, he got behind in his support payments and a citation for contempt was filed against him and continued from month to month until he caught up. He now has a good job in Greenville, Mississippi, and has been current in his support payments since February 26, 1965.
In the petition for adoption the appellees charged the appellant with being morally unfit to rear his child, Katherine Lee Ford, and also charged that he had abandoned and deserted his daughter. The chancellor found that the appellant was not morally unfit as a father but did find that he had abandoned his child and, therefore, decreed the adoption and change of name.
The appellant has remarried and has one child by his second marriage. The mother of the child, Carol Ford Watson, had also remarried and was pregnant at the time of the hearing. Katherine Lee Ford, the child sought to be adopted, has lived all of her life with her mother in the home of her maternal grandparents, the petitioners in this adoption proceeding.
*873 The sole issue is whether the evidence was sufficient to show an abandonment of his minor daughter by the natural father, Allen Ford. We hold that it was not.
For some months after the divorce decree Ford's conduct was considerably less than ideal, and he had several minor skirmishes with the law, but at the time of the hearing of the adoption petition he had held down a good job for two and one-half years, had paid regularly five dollars per week as decreed by the court toward the support of his minor child, and had made numerous telephone calls in an attempt to see his child, and had written six or seven times to the natural mother, Carol Ford Watson, asking that he might be allowed to see and visit with his child. Each and every request was denied by the mother. She gave as an excuse on one or two occasions that she was living with her parents, the Littons, and necessarily must consider their feelings. The testimony was that he had sent his child Christmas presents and birthday presents, even though he was not permitted to see her.
On March 21, 1966, Honorable William B. Alexander, attorney for Allen Ford, wrote Honorable John S. Throop, Jr., the attorney for Mrs. Carol Ford Watson, asking that the father be allowed to see his child twice a month. On March 29, 1966, Mr. Throop replied stating that he could not be of any help in arranging visitation privileges. About a year after this exchange of letters, the petition for adoption was filed by the grandparents, Katherine W. Litton and Robert L. Litton.
The burden of proof is placed squarely on the petitioners to prove that the objecting parent has either abandoned or deserted the child, or is mentally or morally or otherwise unfit to rear and train it. Section 1269-09 Mississippi Code 1942 Annotated (1956) provides:
"But no infant shall be adopted to any person if either parent, after having been summoned to sign the petition for adoption, shall appear and object thereto before the making of a decree for adoption, unless it shall be made to appear to the court from evidence touching such matters that the parent so objecting had abandoned or deserted such infant or is mentally, or morally, or otherwise unfit to rear and train it, in either of which cases the adoption may be decreed notwithstanding the objection of such parent, first considering the welfare of the child, or children, sought to be adopted." (Emphasis added.)
Before the best interests of the child are to be considered, the court must find that the parent objecting to the adoption has abandoned or deserted such infant, or is mentally or morally or otherwise unfit to rear and train it.
In this case the chancellor did not find the appellant mentally or morally or otherwise unfit, but did find that the appellant had abandoned his child.
In an adoption proceeding, on the threshold, the court is met with the presumption that the child's parents will love him most and care for him best, and that, ordinarily, it would be for the best interests of the child that he remain in the custody of his parents. In all contests between a parent and other persons, this presumption is conclusive unless it be clearly shown that by reason of immoral conduct or vicious habits the parent is an unsuitable person to have the custody, or has forfeited the right to custody by reason of having abandoned the child, or other circumstances which clearly indicate that the best interests of the child will be served in the custody of another. Bunkley & Morse, Amis On Divorce and Separation in Mississippi, § 8.01 (1957). This Court has consistently followed this rule and has not found abandonment unless it has been clearly proved. See Schillereff v. Adamany, 240 Miss. 275, 127 So.2d 392 (1961); Mayfield v. Braund, 217 Miss. 514, 64 So.2d 713, 65 So.2d 235 (1953); Hibbette v. *874 Baines, 78 Miss. 695, 29 So. 80, 51 L.R.A. 839 (1900).
Abandonment was not proved in this case, and the decree of adoption must be set aside and cancelled. The chancellor was correct in dismissing the cross-petition praying for a change of custody. Where there has been a substantial change in the circumstances of the parties, a petition may be filed in the original divorce suit. § 2743 Miss.Code 1942 Ann. (1956).
Visitation privileges and custody are matters to be considered and decided in the first instance by the chancery court upon the filing of proper petition therefor.
Judgment reversed, and decree of adoption and change of name set aside and cancelled.
GILLESPIE, P.J., and RODGERS, PATTERSON, and SMITH, JJ., concur.