DAN M. LEE, Justice,
for the Court:
This is an appeal from the Chancery Court of Lauderdale County wherein Billy Wayne Jenkins, appellee, was attempting to adopt Madrid Phillip Lucas, a ten-year-old male child, who is the natural son of Rita Carol (Lucas) Jenkins. Rita Carol Jenkins was awarded custody of the child by a 1975 Alabama divorce decree. Phillip Lucas, appellant, the child’s natural father, posed an objection to the adoption, denying he had abandoned the child.
Appellees subsequently amended the petition for adoption asking for a judgment against Phillip Lucas for child support payments in arrears in the event the adoption request was denied. The chancellor denied the adoption; however, he granted Rita Jenkins a judgment for $2500 child support that was agreed to be in arrears. The chancellor further ordered that visitation rights be reduced from two weekends per month and two months each summer to one weekend per month and one month in the summer; that the visitation rights of the appellant with Madrid Phillip Lucas cease until child support payments in arrears were made, and that appellant post a $2000 bond conditioned on his returning the child to the appellees after visitation. Aggrieved of the chancellor’s decision, Phillip Lucas appeals and assigns the following errors for reversal:
1. The lower court erred in granting appellees a judgment for arrearages in child support based on an Alabama decree and ordering appellant’s visitation rights to cease until paid, in changing his visitation rights provided by the Alabama decree, in adjudging him to be in contempt of the Mississippi and Alabama courts, and in ordering him to post a bond to return his child to appellees after visitations, in this adoption proceeding.
2. The lower court erred in granting a judgment for child support arrearages against appellant, an Alabama citizen, based on an Alabama decree, and ordering his visitation rights to cease until paid, in changing his visitation rights provided by the Alabama decree, in adjudging him to be in contempt of the Mississippi and Alabama courts, and in ordering him to post a bond requiring him to return his child to appellees in Mississippi after visitations, under the full faith and credit clause of the United States Constitution.
3. The lower court erred in modifying the decree of the Circuit Court of Choctaw County, Alabama, by changing appellant’s visitation rights provided by the Alabama decree.
4. The lower court erred in ordering appellant to post a $2000 bond conditioned on his returning his child to appel-lees.
Phillip Lucas and Rita Lucas Jenkins were divorced in Choctaw County, Alabama on May 23, 1975. The divorce decree incorporated an agreement between the parties which provided inter alia that Mrs. Jenkins would have care, custody and control of the parties’ minor child subject to reasonable visitation rights of Lucas. The agreement provided for child support payments in the amount of $100 per month. On March 17, 1977, Lucas was found by the Alabama court to be $450 in arrears in child support payments. An equitable judgment in this amount was rendered against Lucas.
*711 Subsequent to the divorce, Rita Lucas Jenkins married the petitioner, Billy Wayne Jenkins. The Jenkins, along with the minor child, reside in Lauderdale County, Mississippi. Phillip Lucas is still a resident of Choctaw County, Alabama.
Before the petition for adoption was filed, appellant had paid very little, if any, child support since May 1978, but resumed child support payments after the petition was filed. At the time of the trial it was stipulated that the appellant was $2500 in arrears in his child support payments.
The appellees sought to adopt the child over appellant’s objection on the ground that appellant had in effect abandoned the child due to his continued refusal to pay child support. The appellees subsequently amended their petition asking for a judgment against appellant for the amount of child support payments in arrears.
Both Rita Lucas Jenkins and Billy Wayne Jenkins asserted at the hearing that the child should be adopted to Billy Wayne Jenkins in order to provide the child with a more stable family relationship. Rita Carol Jenkins and Billy Wayne Jenkins also testified that the present visitation arrangements precluded the child from participating in certain summer programs such as little league baseball and swimming lessons due to his extended visitation with his father during the summer months. At the conclusion of the hearing, the chancellor denied the request for adoption, but awarded Rita Carol Jenkins a judgment for past-due child support and further reduced visitation to one weekend per month and one month during the summer vacation. The chancellor further ordered the appellant to post a $2000 bond for redelivery of the child after visitation.
Did the chancellor err in adjudicating other issues since the appellees primarily sought adoption of the child?
The petition and the amended petition in this case appear to be by Madrid Phillip Lucas, without legal guardian, by his adult mother and next friend Rita Carol Jenkins. He is joined in the petition by Rita Carol Jenkins, individually, and further, is joined in said petition by Billy Wayne Jenkins. However, the petitioner in an adoption proceeding must be that party with real interest who is seeking to adopt the child, it being necessary to have the child joined in the petition by a guardian ad litem or otherwise. It is also necessary to have both parents join in the petition or if the natural parents do not join, they must be made parties.
As is evidenced by the reading of the whole of the petition, Rita Carol Jenkins joined in the petition as the mother seeking the adoption to her husband and current stepfather of Madrid Phillip Lucas, namely, Billy Wayne Jenkins. Rita Carol Jenkins did not need to adopt the child as she is the natural mother thereof. Madrid Phillip Lucas is not a proper petitioner in that he is the subject of the petition for adoption, therefore leaving the real party in interest and the proper petitioner Billy Wayne Jenkins.
Appellant contends it was error for the chancellor to adjudicate any other issues aside from the adoption matter. We agree, and state that this Court so held in Ford v. Litton, 211 So.2d 871 (Miss.1971), which involved an adoption contest between a natural grandmother and step-grandfather and the minor child’s natural father. Custody of the minor child had previously been awarded to the child’s mother who consented to the adoption. The natural father, aside from objecting to the adoption, filed a cross-petition wherein he prayed for a modification of the divorce decree. In upholding the chancellor’s dismissal of the father’s cross-petition, this Court stated:
The chancellor was correct in dismissing the cross-petition praying for a change of custody. Where there has been a substantial change in the circumstances of the parties, a petition may be filed in the original divorce suit. § 2743 Miss.Code 1942 Ann. (1956).
Visitation privileges and custody are matters to be considered and decided in the first instance by the chancery court upon the filing of proper petition therefor. (211 So.2d at 874).
*712 Furthermore, appellees failed to allege a material change in circumstances subsequent to the rendition of the Alabama divorce decree. The only reference made as to these items was a prayer to the effect that visitation cease until child support payments in arrears were made. This Court has quoted Griffith, Mississippi Chancery Practice, C.J.S. and Am.Jur.2d at length on this subject in Seymore v. Greater Mississippi Life Insurance Company, 362 So.2d 611 (Miss.1978), in part as follows:
The issues are framed, formed and bounded by the pleadings of the litigants. The Court is limited to the issues raised in the pleadings and the proof contained in the record. Judge Griffith, in his monumental work on Mississippi Chancery Practice, gave these sound reasons why it must be so:
“Courts do not instigate or initiate civil litigation. They act only when called on for aid, and only in respect to that which is within the call. The potentiality of a court to consider and determine a given class of cases over which it has jurisdiction is made actual, in a particular case within that class, only when a party entitled to relief with respect thereto has applied to the court by his written pleading and even then his written application must state the facts upon which it is based or else it will still be ineffectual to actuate the court to grant any relief. The power of the court, then, will be exerted only upon, and will not move beyond, the scope of the cause as presented by the pleadings, for the pleadings are the means that the law has provided by which the parties may state to the court what it is they ask of the court and the facts upon which they ask it; and proof is received and is considered only as to those matters of fact that are put in issue by the pleadings, and never beyond or outside of them. If the rule were otherwise courts could become the originators instead of the settlers of litigious disputes, and parties would never know definitely what they will be required to meet or how to meet it.” Griffith, Mississippi Chancery Practice (Second Edition 1950), § 564, pp. 586-87. (Emphasis added).
In 89 C.J.S. Trial, § 633b, at page 464 (1955), we find this language:
“The findings when compared with the pleadings must be within the issues and be responsive thereto, and must cover the material issues raised by the pleadings, and this is required whether or not evidence is introduced on such issues. It is improper to make findings outside the scope of the issues made by the pleadings; and where such findings are made, they are nugatory and cannot support conclusions of law or the judgment; they must be disregarded or treated as immaterial.”
76 Am.Jur.2d, Trial, § 1264, at page 215 (1975) says:
“The findings of fact made by the court should respond to and be within the issues, and a finding outside the issues cannot be considered in determining whether the judgment is supported by the findings.” (emphasis ours). (362 So.2d at 614-615)
Moreover, in this case the petitioner and real party in interest, Billy Wayne Jenkins, had no right to reduce the visitation of Madrid Phillip Lucas with the appellant, no right to have the visitation ceased until payment of the child support that was in arrears, no right for a $2000 bond conditioned on timely returning the child after visitation. Therefore, the chancellor should not have rendered any decision concerning any of these matters other than the question of the adoption of Madrid Phillip Lucas to Billy Wayne Jenkins and whether or not there had been any abandonment of said child by the appellant herein.
It is not necessary that we rule upon the other assignments of error because the ruling on this assignment disposes of the other three. Therefore, it follows that the chancellor’s decree in this cause dated September 2, 1981, is affirmed as to the denial of the adoption of Madrid Phillip Lucas to Rita Jenkins and Bill Jenkins; and the remainder thereof modifying the Alabama decree of March 17,1979, awarding judgment to Rita Jenkins against Phillip Lucas for *713 $2500 and changing place of payment; reducing visitation to one weekend per month and one month per summer; ceasing all visitation rights of Phillip Lucas if child support was not paid within sixty days; and making a $2000 bond for prompt return of minor child to Rita Jenkins after visitation, are reversed.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.