I concur in everything that has been said by Justice Dan Lee in his opinion for the Court on Petition for Rehearing. I write separately, however, to set forth my understanding of the effect of our remand and to highlight for the bar the new and diminished office of pleadings under the Mississippi Rules of Civil Procedure, effective with respect to all civil actions commenced after January 1, 1982.
 I.
In my view, on remand Mark Mitchell is now in a position to present his more than facially valid claim to inheritance by and through his natural ancestors. *Page 67 
It is clear to me as a matter of fact and law that, by virtue of Senate Bill No. 2651, 1983 Miss. Laws ch. 339, the Legislature has created a new, separate and distinct remedy for the benefit of all illegitimates without any classifications. The effect of our reversal is that Mitchell is now free, on reformed pleadings, to present and litigate his claims under Senate Bill No. 2651.
 II.
The original petition in this case was filed on January 1, 1980. It was subsequently amended on April 15, 1980.
The opinion of the Court relies heavily upon Estate of Millerv. Miller, 409 So.2d 715 (Miss. 1983); and Lucas v. Lucas,415 So.2d 709 (Miss. 1982). Both of these cases are concerned with the office of pleadings and their role in the phases of a lawsuit. Both are perfectly good law when applied to cases filed prior to January 1, 1982. And because this action was commenced prior to January 1, 1982, our former rules apply, even on the proceedings on remand.
The pleadings we hold inadequate under Lucas and Miller
would, in my view, be wholly adequate under the Mississippi Rules of Civil Procedure, and particularly under Rules 8(a) and (e). On this record, if our new rules applied, we would further hold that the issues in question had been tried by express or implied consent and, under Rule 15(b), Miss.R.Civ.P., treat those issues in all respects as if they had been raised in the pleadings.
Whether Rule 8 goes all the way and adopts the theory of "notice pleadings" is an issue I do not address. See Official Comment to Rule 8, Miss.R.Civ.P. But, the rules do significantly change — and diminish — the office of pleadings in a lawsuit. Most fundamentally, the scheme of our new rules has postponed the stage at which the details of a party's case must be disclosed. What once (under Miller and Lucas) had to be disclosed in pleadings now need not be disclosed until discovery or pre-trial conference. The most important thing to remember about pleadings under the Mississippi Rules of Civil Procedure is that theysimply aren't very important any more.
All that is necessary at the pleading stage is that the plaintiff provide a short and plain statement of his claim. Here, Mark Mitchell has done this. He has alleged that his father was Mark L. Mitchell, the son of George Mitchell. He has alleged that he is entitled to inherit by and through his natural father and grandfather. Under our new rules, he was not required to anticipate that the Chancery Court would find that Gussie Wright and Mark L. Mitchell were never married. His allegation is sufficient to assert a claim of inheritance by and through Mark L. Mitchell, whatever the latter's marital state may have been determined to be.
Beyond that, under our new rules Mitchell's pleadings would not be defective because he did not expressly attack the constitutionality of Miss. Code Ann. § 91-1-15 (1972). Again, his pleadings were clear. He stated a claim to inheritance and under our new rules would have been entitled to present under that statement of a claim any legal theory his counsel might think appropriate.
So much of today's decision as decides the pleadings issues has no effect as precedent in any action commenced after January 1, 1982. *Page 383